United States Courts
Southern District of Texas
FILED
SEP 14 2022
Nathan Ochsner, Clerk of Court

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| Brooke Crawford,<br><br>Plaintiff,<br><br>v.<br><br>COLLECTION RECOVERY SERVICES, INC.; CRS LIQUIDATING, INC.; COLLECTION RECOVERY SERVICES LLP; MAIN LINE RECOVERY SOLUTIONS, INC. dba COLLECTION RECOVERY SERVICES<br><br>Defendants. | Case No.: |

### PLAINTIFF'S COMPLAINT

**Plaintiff, Brooke Crawford ("Plaintiff"), alleges the following against Defendants, COLLECTION RECOVERY SERVICES, INC.; CRS LIQUIDATING, INC.; COLLECTION RECOVERY SERVICES LLP; MAIN LINE RECOVERY SOLUTIONS, INC. dba COLLECTION RECOVERY SERVICES ("Defendants"):**

1. Claim I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S. Code § 1692, et seq. ("FDCPA").

2. Claim II of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S. Code § 1692, et seq. ("FDCPA").

1

3. Claim III of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S. Code § 1692, et seq. ("FDCPA").

4. Claim IV of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S. Code § 1692, et seq. ("FDCPA").

5. Claim V of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S. Code § 1692, et seq. ("FDCPA").

6. Claim VI of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S. Code § 1692, et seq. ("FDCPA").

7. Claim VII of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S. Code § 1692, et seq. ("FDCPA").

8. Claim VIII of Plaintiff's Complaint is based on the Fair Credit Reporting Act, 15 U.S. Code § 1681, et seq. ("FCRA").

9. Claim VIIII of Plaintiff's Complaint is based on 9 commercial codes violated by Defendants.

## JURISDICTION AND VENUE

10. This court has jurisdiction pursuant to 28 USC § 1331 and 1337 and 15 U.S. Code § 1692k (FDCPA).

11. Venue and personal jurisdiction in this District are proper because the Defendants does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

12. Plaintiff is a consumer as that term is defined by the FDCPA.

13. Plaintiff is a consumer located in Houston, State of Texas.

14. Plaintiff allegedly owed a debt as that term is defined by the FDCPA.

15. Defendants are debt collectors as that term is defined by the FDCPA.

16. During roughly the past year, Defendants have attempted to collect a consumer debt from Plaintiff.

17. Defendants are business entities engaged in the collection of debt within the State of Texas.

18. Defendants's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

19. The principal purpose of Defendants's business is the collection of debts allegedly owed to third parties.

20. Defendants regularly collect, or attempts to collect, debts allegedly owed to third parties.

21. During the course of their attempt to collect debts allegedly owed to third parties, Defendants send to alleged debtors bills, statements, and/or other correspondence, via the mail

3

and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

22. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, representatives and insurers.

## FACTUAL ALLEGATIONS

23. In October 2021, Plaintiff obtained a copy of her consumer report and discovered inaccurate, false information furnished by Defendants. Defendants furnished one trade line, to Plaintiff's consumer report.

24. On or about October 2021, Plaintiff contacted Defendants via postal mail that the debt they were reporting was false and required validation. The Defendants could not provide the requested validation and as a result Defendants deleted the false and unverifiable information from Plaintiff's consumer report.

25. During the time that the Defendants reported the false information, the Plaintiff suffered damages including, but not limited to denial of credit, decrease in FICO, high interest rates, financial harm mental anguish and emotional distress.

## FIRST CLAIM FOR RELIEF :

## DEFENDANTS VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

1. Plaintiff repeats and realleges paragraphs one (1) through twenty-five (25) of Plaintiff's Complaint.
2. Defendants violated the FDCPA based on the following:
    a. Defendants violated 15 U.S. Code § 1692c (a)(1)  by communicating with Plaintiff at an unusual time that was inconvenient to the Plaintiff.
    b. As a result of a violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in the amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each Defendants.

## SECOND CLAIM FOR RELIEF :

## DEFENDANTS VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

3. Plaintiff repeats and realleges paragraphs one (1) through twenty-seven (27) of Plaintiff's Complaint.
4. Defendants violated the FDCPA based on the following:
    a. Defendants violated 15 U.S. Code § 1692d(5) by causing a telephone to ring continuously with intent to annoy, abuse, and harass the Plaintiff.

    b. As a result of a violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in the amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each Defendants.

THIRD CLAIM FOR RELIEF :

**DEFENDANTS VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT**

30. Plaintiff repeats and realleges paragraphs one (1) through twenty-nine (29) of Plaintiff's Complaint.

31. Defendants violated the FDCPA based on the following:

    a. Defendants violated 15 U.S. Code § 1692e(4) by representing or implying that nonpayment of any debt will result in the seizure, garnishment, attachment, or sale of property of the Plaintiff.

    b. As a result of a violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in the amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each Defendants.

FOURTH CLAIM FOR RELIEF :

**DEFENDANTS VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT**

32. Plaintiff repeats and realleges paragraphs one (1) through thirty-one (31) of Plaintiff's Complaint.

33. Defendants violated the FDCPA based on the following:

    a. Defendants violated 15 U.S. Code § 1692e (5) by threatening to take action that cannot legally be taken.

    b. As a result of a violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in the amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each Defendants.

### FIFTH CLAIM FOR RELIEF :

### DEFENDANTS VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

34. Plaintiff repeats and realleges paragraphs one (1) through thirty-three (33) of Plaintiff's Complaint.

35. Defendants violated the FDCPA based on the following:

    a. Defendants violated 15 U.S. Code § 1692e (10) by using false representation and deceptive means to collect or attempt to collect debt.

    b. As a result of a violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in the amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each Defendants.

## SIXTH CLAIM FOR RELIEF :

## DEFENDANTS VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

36. Plaintiff repeats and realleges paragraphs one (1) through thirty-five (35) of Plaintiff's Complaint.

37. Defendants violated the FDCPA based on the following:

    a. Defendants violated 15 U.S. Code § 1692e (11) by failing to disclose in the initial written communication with the Plaintiff that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and failing to disclose in subsequent communications that the communication is from a debt collector.

    b. As a result of a violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in the amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each Defendants.

## SEVENTH CLAIM FOR RELIEF :

## DEFENDANTS VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

38. Plaintiff repeats and realleges paragraphs one (1) through thirty-seven (37) of Plaintiff's Complaint.

39. Defendants violated the FDCPA based on the following:

a. Defendants violated 15 U.S. Code § 1692j by designing, compiling, and furnishing forms knowing that such forms would be used to create the false belief in the Plaintiff that the Defendants are participating in the collection of or in an attempt to collect a debt Plaintiff allegedly owed, when in fact the Defendants are not so participating.

b. As a result of a violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in the amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each Defendants.

## EIGTH CLAIM FOR RELIEF :

## DEFENDANTS VIOLATED THE FAIR CREDIT REPORTING ACT

40. Plaintiff repeats and realleges paragraphs one (1) through thirty-nine (39) of Plaintiff's Complaint.

41. Defendants violated the FCRA based on the following:

a. Defendants violated 15 U.S. Code § 1681 by failing to uphold the accuracy and fairness of the Fair Credit Reporting Act in furnishing unlawful information about Plaintiff to credit reporting agencies.

b. As a result of a violation of the FCRA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1681n(a)(1); statutory damages in the amount up to $1,000.00 pursuant to 15 U.S.C. § 1681n(a)(1)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from each Defendants.

## NINTH CLAIM FOR RELIEF :

## DEFENDANTS VIOLATED FEDERAL LAW

42. Plaintiff repeats and realleges paragraphs one (1) through forty-one (41) of Plaintiff's Complaint.

43. Defendants violated the law based on the following:

   a. Defendants violated 18 U.S. Code § 1341 by devising or intending to devise any scheme or artifice to defraud, or for obtaining money by means of false or fraudulent pretenses, representations, or promises.

   b. As a result of violation 18 U.S. Code § 1341, Plaintiff is entitled to any actual damages; and reasonable attorney's fees and costs.

44. Defendants violated the law based on the following:

   a. Defendants violated 18 U.S. Code § 875 by transmitting in interstate commerce communication containing a threat to injure the reputation of the Plaintiff with intent to extort from the Plaintiff.

   b. As a result of violation 18 U.S. Code § 875, Plaintiff is entitled to any actual damages; and reasonable attorney's fees and costs.

45. Defendants violated the law based on the following:

   a. Defendants violated 42 U.S. Code § 408 by using the disclosure of the Plaintiff's social security number in violation of the laws of the United States.

    b. As a result of violation 42 U.S. Code § 408, Plaintiff is entitled to any actual damages; and reasonable attorney's fees and costs.

46. Defendants violated the law based on the following:

    a. Defendants violated 15 U.S. Code § 1 by conspiring with credit reporting agencies to engage in activity that would otherwise prohibit, hinder or restraint trade or commerce by reporting unlawful information thereby hindering Plaintiff's ability to engage in commerce.

    b. As a result of violation 15 U.S. Code § 1, Plaintiff is entitled to any actual damages; and reasonable attorney's fees and costs.

47. Defendants violated the law based on the following:

    a. Defendants violated 18 U.S. Code § 241 by conspiring with credit reporting agencies to injure, oppress, threaten, and intimidate Plaintiff.

    b. As a result of violation 18 U.S. Code § 241, Plaintiff is entitled to any actual damages; and reasonable attorney's fees and costs.

48. Defendants violated the law based on the following:

    a. Defendants violated 18 U.S. Code §1028A by knowingly transferring, possessing, and using, without lawful authority, the Plaintiff's social security number, a means of identification of the Plaintiff.

    b. As a result of violation 18 U.S. Code § 1028A, Plaintiff is entitled to any actual damages; and reasonable attorney's fees and costs.

49. Defendants violated the law based on the following:

    a. Defendants violated 18 U.S. Code § 242 by willfully depriving Plaintiff of a right or privilege protected by the Constitution or laws of the United States.

    b. As a result of violation 18 U.S. Code § 242, Plaintiff is entitled to any actual damages; and reasonable attorney's fees and costs.

50. Defendants violated the law based on the following:

    a. Defendants violated 39 U.S. Code § 3001 by mailing matter legally unacceptable.

    a. As a result of violation 39 U.S. Code § 3001, Plaintiff is entitled to any actual damages; and reasonable attorney's fees and costs.

51. Defendants violated the law based on the following:

    a. Defendants violated 39 U.S. Code § 3005 by engaging in a scheme for obtaining money through the mail by means of false representations.

    b. As a result of violation 39 U.S. Code § 3005, Plaintiff is entitled to any actual damages; and reasonable attorney's fees and costs.

WHEREFORE, the Plaintiff, Brooke Crawford, requests Judgement be entered against the Defendants, COLLECTION RECOVERY SERVICES, INC.; CRS LIQUIDATING, INC.; COLLECTION RECOVERY SERVICES LLP; MAIN LINE RECOVERY SOLUTIONS, INC. dba COLLECTION RECOVERY SERVICES

for the following:

A. Statutory damages pursuant to the Fair Debt Collection Practices Act, 15 U.S. Code § 1692k; and

B. Damages due to defamation of character, impeding on the Plaintiff's pursuit of happiness, extreme duress and denial of credit; and

C. Costs and attorney's fees pursuant to 15 U.S. Code § 1692k; and

D. For such other and further relief as the Court may deem just and proper.

DATED SEPTEMBER 5, 2022:

Respectfully Submitted,

_B. Crwfd_____

| | | |
|---|---|---|
| File Number: | 346141903 | Page 5 of 8 |
| Date Issued: | 10/18/2021 | |

# Your Investigation Results

**INVESTIGATION RESULTS - DISPUTED INFORMATION UPDATED: A change was made to the item(s) based on your dispute.**

**COLLECTION RECOVERY SERV** #1102** ( 29 REGENCY PLAZA, GLEN MILLS, PA 19342, (610) 358-1900 )
In response to your dispute, this item was **DELETED** from your credit report.

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■